**FILED**
**JUN 1 5 2016**
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY J. HUDSPETH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 16-703 |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The Court allowed the above-captioned action to be provisionally filed. Before the Court would consider the plaintiff's complaint and application to proceed *in forma pauperis*, the Court issued an Order directing the plaintiff to submit a certified copy of his trust fund account statement (or institutional equivalent), including the supporting ledger sheets, for the six-month period immediately preceding the filing of this complaint, obtained from the appropriate official of each prison at which the plaintiff is or was confined. *See* 28 U.S.C. § 1915(a)(2). The plaintiff has filed a Motion for Reconsideration of the Court's Order and a copy of his trust fund account statement.

According to the plaintiff, this matter "is an ancillary matter to the criminal case . . . and not prison conditions," Pl.'s Mot. at 2, and therefore he argues that it is not subject to the requirements of 28 U.S.C. § 1915(a)(2), *see* Pl.'s Compl, Ex. A. Based on the allegations of the complaint, however, the plaintiff brings claims under the Freedom of Information Act ("FOIA"), *see* Compl. at 1, 2D (page numbers designated by the plaintiff), and under 42 U.S.C. § 1983 for money damages, *see id.* at 1, 5, in addition to a demand for his "[u]nconditional release from federal custody," *see id.* at 5.

The FOIA and § 1983 claims proceed in a civil action. *See, e.g., In re Smith*, 114 F.3d 1247, 1250 (D.C. Cir. 1997) (concluding that PLRA's filing fee provision applies to "a petition for a writ of prohibition that . . . includes underlying claims that are civil in nature," but not to a petition for habeas corpus); *Bartholomew v. Fed. Bureau of Prisons*, No. 1:07-CV-1204, 2008 WL 4400170, at *3 (M.D. Pa. Sept. 23, 2008) (applying PLRA to suits under FOIA and *Bivens*). A party instituting a civil action must pay the applicable filing fee unless he is granted *in forma pauperis* status. *See* 28 U.S.C. §§ 1914, 1915; *Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015) (noting that a prisoner plaintiff who qualifies for *in forma pauperis* status "can pay the filing fee in installments over time").

The Court now turns to the plaintiff's *pro se* complaint itself. The plaintiff purports to bring this action "as combined under the Freedom of Information Act(s), Title 5 USC § 552 & 552a (as applicable) to compel disclosures of information consisting of withheld evidence" in the criminal case against him "along with a civil rights complaint . . . under Title 42 USC § 1983 . . . for money damages." Compl. at 1 (emphasis removed) (page numbers designated by the plaintiff). The Court has reviewed the complaint and concludes that it does not state a claim under either the Freedom of Information Act, *see* 5 U.S.C. § 552, or the Privacy Act, *see* 5 U.S.C. § 552a. Rather, the plaintiff's demands for information arise from the defendants' alleged refusal to disclose exculpatory evidence in order that the plaintiff could have presented it in a timely motion under 28 U.S.C. § 2255 to demonstrate his actual innocence of the crimes for which he had been convicted. *See* Compl. at 2, 2C-2D, 5A. The plaintiff considers the defendants' actions to be violations of rights protected under the United States Constitution, *see id.* at 5-5A, giving rise to his civil rights claims under 42 U.S.C. § 1983, *see id.* at 4. His demands for relief include the "[d]isclosure[] of all evidence, information, [and] documents

sought," a "[h]earing before an unbiased tribunal" and his "[u]nconditional release from federal custody due to withheld exculpatory evidence[,]" the plaintiff demands "[m]onetary [d]amages (compensatory, nominal, punitive) of $3 mil[lion] per year + interest[.]" *Id.* at 5.

The Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The plaintiff does not demonstrate that his conviction or sentence has been reversed or otherwise invalidated, and, therefore, his claim for damages under § 1983 fails. *See, e.g., Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010).

The Court concludes that the complaint fails to state a claim upon which relief can be granted. The plaintiff's complaint will be dismissed. An Order is issued separately.

/s/ 
United States District Judge

DATE: 6/13/16